**JUXTACOMM TECHNOLOGIES, INC., Plaintiff**

v.

**ASCENTIAL SOFTWARE CORPORATION, Business Objects SA, Business Objects America, CA, Inc., Cognos Corporation, Datamirror, Inc., Fiorano Software, Inc., Hummingbird Ltd., International Business Machines Corporation, Informatica Corporation, Information Builders, Inc., Metastorm, Inc., Microsoft Corporation, Open Text Corporation, Software AG, Inc., Sybase, Inc., Webmethods, Inc., and Intersystems Corporation, Defendants.**

Case No. 2:07CV359.

United States District Court,
E.D. Texas,
Marshall Division.

May 2, 2008.

Richard Laurence Macon, Akin Gump Strauss Hauer & Feld, San Antonio, TX, Thomas John Ward, Jr., Ward & Smith Law Firm, Longview, TX, for Plaintiff.

Eric M. Albritton, Attorney at Law, Vance Preston Freeman, Jared Ross Barrett, Kenneth Edward Shore, Matthew Steven Wolcott, Shore West Freeman, PC, Blake Charles Erskine, Erskine & McMahon, Guy N. Harrison, Attorney at Law, Longview, TX, Donald J. Curry, Marc J. Pensabene, Nicholas M. Cannella, Joseph H. Einstein, Labaton Sucharow LLP, Fitzpatrick Cella Harper & Scinto, Wayne C. Matus, Pillsbury Winthrop Shaw Pittman LLP, New York, NY, Bijal V. Vakil, Harper S. Batts, Terrence P. McMahon, McDermott Will & Emery, Palo Alto, CA, Robert Christopher Bunt, Parker, Bunt & Ainsworth, P.C., Jennifer Parker Ainsworth, Wilson Sheehy Knowles Robertson & Cornelius PC, Otis W. Carroll, Jr., Ireland Carroll & Kelley, Amanda Clare Carroll, Collin Michael Maloney, Allen Franklin Gardner, Michael Edwin Jones, Potter Minton PC, Tyler, TX, Shamita D. Etienne–Cummings, McDermott Will & Emery, Julie A. Petruzzelli, Peter J. Curtin, Rebecca G. Lombard, Venable LLP, Jon E. Wright, Mark Fox Evens, Robert Greene Sterne, Sterne Kessler Goldstein & Fox, Washington, DC, Benjamin D. Enerson, Joshua C. Krumholz, Holland & Knight LLP, James John Foster, Ilan Barzilay, Lawrence M. Green, Wolf Greenfield & Sacks PC, Boston, MA, Michael Charles Smith, Siebman Reynolds Burg Phillips & Smith, LLP, Marshall, TX, Jessie M. Amberg, Bingham McCutchen LLP, David M. Lacy Kusters, Fenwick & West, San Francisco, CA, Ryan M. Nishimoto, Bingham McCutchen LLP, Jenna F. Leavitt, Venable LLP, Los Angeles, CA, James G. Gatto, Pillsbury Winthrop Shaw Pittman, McLean, VA, Carolyn Chang, Darren E. Donnelly, Hector Ribera, J. David Hadden, Lynn H. Pasahow, Ryan A. Tyz, Fenwick & West, Mountain Valley, CA, Jeffrey C. Morgan, Troutman Sanders, Atlanta, GA, Kelly C. Hunsaker, Fish & Richardson, Redwood City, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEONARD DAVIS, District Judge.

Before the Court is Defendant Information Builders, Inc.'s ("IBI") Motion for Partial Judgment on the Pleadings (Dock-

et No. 219). Having considered the parties' written arguments, the Court **DENIES** the motion.

## ANALYSIS

Juxtacomm alleges IBI's iWay Service Manager and iWay DataMigrator products infringe U.S. Patent No. 6,195,662. IBI moves for judgment because Juxtacomm did not provide separate infringement charts for each product under Patent Rule 3–1(c). Juxtacomm contends that separate charts are not necessary because iWay Service Manager "infringes the '662 patent at least to the extent that it is integrated with or uses DataMigrator."

Patent Rule 3–1(c) requires a party asserting infringement provide each defending party a "Disclosure of Asserted Claims and Infringement Contentions," which shall contain "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3–1(c). Although the Patent Rules require separate charts for each accused product, this Court has allowed plaintiffs to use a single chart applicable to multiple products where separate charts would be identical for each product. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 528–29 (E.D.Tex.2005) (Davis, J.) ("[T]he Court ORDERS ConnecTel to designate exemplar accused infringing products and compare those products to each asserted patent on a claim by claim, element by element basis."); *cf. Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 823 (E.D.Tex. 2007) (Clark, J.) (striking plaintiff's infringement contentions against Vista because plaintiff had only charted the Windows XP product and it was undisputed that Vista and Windows XP are only seventy percent similar).

Juxtacomm contends iWay Service Manager infringes only to the extent that it utilizes iWay DataMigrator. Accordingly, Juxtacomm may use one chart to accuse both products. Use of one chart, however, precludes Juxtacomm from arguing that iWay Service Manager infringes in any manner differently from how iWay DataMigrator infringes. In order to argue a different infringement theory for iWay Service Manager, Juxtacomm will need to separately chart the iWay Service Manager product, which will require good cause to amend its infringement contentions.

Accordingly, the Court **DENIES** IBI's motion for judgment.